UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                   :

JOEL STEINMETZ,                 :

                     Plaintiff,      :     **MEMORANDUM DECISION AND ORDER**

                                     :

        - against -             :     21-cv-05981 (BMC)

                                     :

FINANCIAL RECOVERY SERVICES,   :
INC., and LVNV FUNDING LLC,      :

                                     :

                  Defendants.     :

                                     :
------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff Joel Steinmetz brought this putative class action alleging that Financial Recovery Services Inc. ("FRS") and LVNV Funding LLC ("LVNV") sent him a form collection letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Upon reviewing the complaint, the Court ordered plaintiff to show cause why this case should not be dismissed for failure to allege an injury-in-fact sufficient to establish standing under Article III of the Constitution.

      The posture of the parties in this case is somewhat unusual: plaintiff asserts that he has no standing under Article III to prosecute this action in federal court, while defendants, conversely, argue that he does. In the wake of the Supreme Court's decision in TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), such apparently reversed positions sometimes arise in the context of a defendant removing the case to federal court over a plaintiff's protestations. See Gross v. TransUnion, LLC, No. 21-cv-1329, 2022 WL 2116669, at *1 (E.D.N.Y. June 13, 2022). Here, however, plaintiff chose to file his complaint in federal court, obviously under the assumption that he had standing.

After I *sua sponte* raised the issue of Article III standing, plaintiff first argued that he had standing. He subsequently reversed course, seeking a dismissal for lack of subject matter jurisdiction or a voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a), so that he might pursue his claims in state court.[1] It then became defendants who picked up the gauntlet to argue that plaintiff, in fact, does have standing under Article III.

I cannot defer to the parties' positions to resolve the standing issue. Nor is plaintiff estopped from changing his position, as the Court has not relied upon his prior position, among other reasons. Cf. New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (in deciding whether judicial estoppel applies, "courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position."). Regardless of whether any party raises a standing issue, federal courts have an independent obligation to resolve any issue about their subject matter jurisdiction *sua sponte*. That is because "[s]tanding is the threshold question in every federal case, determining the power of the court to entertain the suit." Ross v. Bank of Am., N.A.(USA), 524 F.3d 217, 222 (2d Cir. 2008) (quotation omitted).

After considering plaintiff's complaint, I conclude that there is no concrete injury alleged. This case is therefore dismissed for lack of subject matter jurisdiction. And even if I had subject matter jurisdiction, I would still grant plaintiff's motion under Fed. R. Civ. P. Rule 41(a)(2) to dismiss this case without prejudice.

## BACKGROUND

Plaintiff alleges that at some point he became indebted to a non-party. LVNV purchased the debt and put it out for collection with FRS. FRS sent an initial collection letter to plaintiff.

---

[1] Because defendants have answered the complaint, plaintiff may not dismiss as of right under Fed. R. Civ. P. Rule 41(a).

The collection letter contained an itemized balance stating that plaintiff owed a "Total Balance Due" of $669.45, and listed an "Interest Balance", "Fee Balance", and "Cost Balance," each of zero dollars.

Plaintiff contends that "these amounts are false or deceptive" because the alleged "Total Balance" deceptively included both fees and interest. Therefore, plaintiff was "uncertain" of the correct balance owed. He accuses defendants of "deceptive[]" efforts to "make it appear that nothing was owed for interest or fees" and that the entire debt was principal. This would, plaintiff alleges, make a debtor more willing to pay. Plaintiff was "concerned and confused by the Letter." Because of that, he was "unable to make a payment on the debt". He allegedly spent the funds he "could have used to pay all or part of the alleged debt elsewhere" because he "relied on" the contents of the letter. Plaintiff also notes that he "expended time and money in determining the proper course of action" in addition to suffering "emotional harm."

The Court, *sua sponte*, issued an Order to Show Cause why this case should not be dismissed for lack of Article III standing. Plaintiff initially argued that he had standing, but withdrew this argument, asserting instead that this case should be dismissed for lack of standing. The Court construed this motion as a request for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2). Defendants oppose dismissal without prejudice, arguing that plaintiff's allegations are sufficient to demonstrate Article III standing. They claim that plaintiff previously released these claims, and want to obtain a decision on the merits to that effect.

## DISCUSSION

"Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and statute." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (quotations omitted). The Constitution empowers federal courts to adjudicate only a "case or

controversy." U.S. Const. art. III, § 2.  The Article III standing doctrine emanates out of this case or controversy requirement, ensuring that "federal courts do not exceed their authority as it has been traditionally understood." Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).  "Without Article III standing, a federal court will not have original jurisdiction over the case." United States v. Hays, 515 U.S. 737, 742 (1995).  As a result, this doctrine is "perhaps the most important of [the jurisdictional] doctrines." FW/PBS, Inc. v. Dallas, 493 U.S. 215, 230-31 (1990).

The Supreme Court's recent cases have confirmed that the "irreducible constitutional minimum" of standing requires that plaintiffs demonstrate: "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) likely to be redressed by a favorable judicial decision." Spokeo, 578 U.S. at 338 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 339 (quoting Lujan, 504 U.S. at 560).  If the plaintiff does not claim "to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." TransUnion LLC v. Ramirez, 141 S. Ct. at 2203.

As the Second Circuit has explained, prior to TransUnion, many courts held that, when Congress creates a statutory cause of action, a violation of that statute is sufficient to create an injury-in-fact for purposes of establishing Article III standing.  See Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 81 (2d Cir. 2018).  TransUnion rejected that notion, holding that although "Congress may create causes of action for plaintiffs to sue defendants[,] under Article III, an injury in law is not an injury in fact. Only those plaintiffs who have been concretely

harmed by a defendant's statutory violation may sue that private defendant over that violation in federal court." TransUnion, 141 S. Ct. at 2205.

TransUnion further clarified that a harm qualifies as "concrete" where it bears "a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts," such as "physical and monetary harms, along with other traditional tangible harms, [as well as] certain intangible harms, such as reputational harm." Maddox v. Bank of New York Mellon Tr. Co., N.A., 19 F.4th 58, 63 (2d Cir. 2021) (quoting TransUnion, 141 S. Ct. at 2204). "No concrete harm, no standing," and thus no federal court jurisdiction. TransUnion, 141 S. Ct. at 2200.

Courts considering standing allegations at the motion to dismiss stage have found that such "allegations need not be crafted with precise detail, nor must the plaintiff prove the allegations of his injury." Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 783 F.3d 395, 401-02 (2d Cir. 2015) (quoting Baur v. Veneman, 352 F.3d 625, 631 (2d Cir. 2003)).[2] But a plaintiff still must allege facts "that affirmatively and plausibly suggest that [he] has standing to sue." Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 145 (2d Cir. 2011).

Although plaintiff has subsequently claimed that he does not have standing, defendants point to specific allegations in the complaint as sufficient to demonstrate standing. I disagree with defendants' argument. The type of conclusory allegations contained here, without more, are insufficient to support standing. See Harry v. Total Gas & Power N. Am., Inc., 889 F.3d 104, 110 (2d Cir. 2018). They fail to show how defendants' alleged misrepresentations caused

---

[2] When a defendant moves to dismiss for a lack of standing, defendant may bring either a "facial" challenge, "based solely on the allegations of the complaint" or a "fact-based" challenge, "proffering evidence beyond the [p]leading." Carter v. HealthPort Technologies, LLC, 822 F.3d 47, 56–57 (2d Cir. 2016). Where, as here, "the Rule 12(b)(1) motion is facial, i.e., based solely on the allegations of the complaint . . . [t]he task of the district court is to determine whether the [complaint] allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue." Id.

plaintiff to suffer a "concrete and particularized" harm.  See Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U. S. 167, 180-81 (2000).

Although plaintiff alleges that he "suffered emotional harm due to Defendant's improper acts", "[a] perfunctory allegation of emotional distress . . .  is insufficient to plausibly allege constitutional standing."  Maddox, 19 F.4th at 63 (2d Cir. 2021).  Plaintiff just does not "plead enough facts to make it plausible that [he] did indeed suffer the sort of injury that would entitle [him] to relief."  Id. at 65-66 (quoting Harry, 889 F.3d at 110 (2d Cir. 2018)); see also Wolkenfeld v. Portfolio Recovery Assocs., LLC, No. 22-cv-1156, 2022 WL 1124828, at *2 (E.D.N.Y. Apr. 14, 2022) (rejecting same language).

Plaintiff alleges that he "was concerned and confused by the [l]etter," "was unable to evaluate his options of how to handle this debt," and "expended time and money in determining the proper course of action."  Most of the cases post-TransUnion find those types of allegations inadequate to demonstrate a concrete injury.  See, e.g., Cavazzini v. MRS Assocs., No. 21-cv-5087, 2021 WL 5770273, at *7 (E.D.N.Y. Dec. 6, 2021) (collecting cases) ("Multiple courts have found alleged confusion to be insufficient for standing in the FDCPA context.").  These types of alleged injuries – spending time and money because of mere "concern and confusion" without more – are not sufficiently concrete unless they are "'inextricably bound up in a cognizable injury,' such as where a plaintiff faces a sufficient risk of harm[,] and then spends time, money, and effort mitigating that risk."  Pollak v. Portfolio Recovery Assocs., LLC, No. 21-cv-6738, 2022 WL 580946, at *1 (E.D.N.Y. Feb. 24, 2022) (quoting Cavazzini, 2021 WL 5770273, at *7).  The bare allegation that "Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection" does not cure this deficiency.

Plaintiff's allegation that he "was confused and misled to his detriment by the statements in the dunning letter, and [that he] relied on the contents of the letter to his detriment," is an attempt to utilize the kind of allegations that may be held sufficient for standing in fraud or misrepresentation claims.  He alleges that "Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt." Plaintiff's allegations thus attempt to allege "a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts," as required by TransUnion. 141 S. Ct. at 2200.

But even this is insufficient to show standing.  Plaintiff's complaint is still devoid of the type of specific factual allegations that would allow the Court to assume that he did indeed plausibly rely on defendants' representation to his own detriment.  See Maddox, 19 F.4th at 65–66 (a plaintiff must "plead enough facts to make it plausible that [he] did indeed suffer the sort of injury that would entitle [him] to relief"); Kola v. Forster & Garbus LLP, No. 19-cv-10496, 2021 WL 4135153, at *7 (S.D.N.Y. Sept. 10, 2021) ("merely receiving a letter from a debt collector that was confusing or misleading as to the amount owed does not demonstrate a harm closely related to fraudulent or negligent misrepresentation – both of which require some form of reliance – where the recipient's financial condition made the amount of money owed irrelevant."); Ciccone v. Cavalry Portfolio Servs., LLC, No. 21-cv-2428, 2021 WL 5591725, at *5 (E.D.N.Y. Nov. 29, 2021) ("Plaintiff does not allege . . . that he relied on [the wording] to his detriment in any way, or that he would have availed himself to the discount had the wording been clearer.").  Plaintiff's conclusory allegations that "the funds [he] *could* have used to pay all

*or part* of the alleged debt were . . . spent elsewhere" (emphasis added), and that he "would have pursued a different course of action," are insufficient.

"[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice." Carter v. HealthPort Techs., LLC, 822 F.3d 47, 54 (2d Cir. 2016). This is because such a dismissal is one for lack of subject matter jurisdiction. See, e.g., Davis v. Federal Election Commission, 554 U.S. 724, 732-33 (2008), and without jurisdiction, the district court lacks the power to adjudicate the merits of the case. See, e.g., Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94-95 (1998).

Defendants argue that a dismissal here must be with prejudice on substantive grounds, asserting an affirmative defense of release. But I cannot reach this issue. "Article III deprives federal courts of the power to dismiss a case with prejudice." Hernandez v. Conriv Realty Associates, 182 F.3d 121, 123 (2d Cir. 1999). Defendants will have to raise this argument in state court, should plaintiff choose to refile there.

Even if I found that plaintiff had pled sufficient injury to demonstrate standing, I would still dismiss this case without prejudice based upon plaintiff's request that I do so. Although plaintiff cannot unilaterally dismiss voluntarily under Fed. R. Civ. P. Rule 41(a)(1)(A) because defendants have recently answered, Rule 41(a)(2) allows a Court to dismiss an action at the plaintiff's request without prejudice. See Fed. R. Civ. P. Rule 41(a)(2).

"[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc., No. 01-cv-9649, 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006) (internal quotation marks and citation omitted). Ultimately, a dismissal pursuant to Rule 41(a)(2) is left to the sound discretion of the district court. See

D'Alto v. Dahon Cal., Inc., 100 F.3d 281, 283 (2d Cir. 1996).  The Second Circuit has

enumerated the following factors in analyzing prejudice to the defendant: "[1] the plaintiff's

diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent

to which the suit has progressed, including the defendant's efforts and expense in preparation for

trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation

for the need to dismiss."  Id. (quoting Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)).

"These factors need not be weighted equally, and no single factor is dispositive."  S.E.C. v.

Compania Internacional Financiera S.A., No. 11-cv-4904, 2012 WL 1856491, at *2 (S.D.N.Y.

May 22, 2012).

     Under the Zagano factors, dismissal without prejudice would be appropriate here even if

the Court had subject matter jurisdiction.  First, although plaintiff's conduct in this case has not

been consistent, plaintiff was "not dilatory in bringing the motion," doing so shortly after

responding to the Court's order to show cause.  Catanzano v. Wing, 277 F.3d 99, 110 (2d Cir.

2001).

     Second, "the motion was not made to harass or annoy," id., and "there appears to be no

'undue vexatiousness' on the plaintiff['s] part."  Mercer Tool Corp. v. Friedr. Dick GmbH, 175

F.R.D. 173, 176 (E.D.N.Y. 1997).  Courts define "undue vexatiousness" to mean "that the

plaintiff acted with 'ill-motive' in bringing or maintaining its claims."  Sec. Exch. Comm. v.

Chakrapani, Nos. 09-cv-325, 09-cv-1043, 2010 WL 2605819, at *2 (S.D.N.Y. June 29, 2010).

The Court cannot find that the plaintiff acted pursuant to any such ill-motive.

     Third, the suit here is barely out of the gate – in fact, no discovery schedule has even

been set.  The extent of defendants' participation has been to attend a single initial status

conference by telephone, file a pro forma answer, and draft a 3-page letter in response to plaintiff's motion to dismiss.

Fourth, given that the case is in its infancy, there would be little or no cost redundancy in litigating this case in state court.  Even the presumably minor costs that defendants incurred in preparing a pro forma answer will not be wasted, as they can undoubtedly adapt the answer for use in state court.  See Stinson v. City Univ. of New York, No. 18-cv-5963, 2020 WL 2133368, at *5 (S.D.N.Y. May 4, 2020).

Finally, defendants will not suffer other cognizable prejudice.  Whether the other settlement agreement is enforceable is a matter for another day, when and if plaintiff refiles this action in state court.

## CONCLUSION

This case is DISMISSED without prejudice.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
          July 2, 2022

10